IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME MEDINA-MEDINA, *et al.*, **Plaintiffs**, v. COMMONWEALTH OF PUERTO RICO, *et al.*, **Defendants**. | CIVIL NO. 09-1616 (FAB) |

**OPINION & ORDER**[1]

BESOSA, District Judge

    Defendant Commonwealth of Puerto Rico has filed a motion to dismiss. (Docket No. 16.) The motion argues: (1) that plaintiff's claim under the American with Disabilities Act ("ADA") fails to state a claim upon which relief can be granted because of sovereign immunity and because it is time-barred; (2) that plaintiff's claim under 42 U.S.C. § 1983 ("section 1983") fails to state a claim upon which relief can be granted because of sovereign immunity and because the claim is time-barred; and (3) that plaintiffs' claims pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142, ("articles 1802 and 1803") are also time-barred. Plaintiffs have not opposed the motion.

---

[1] Myrgia Palacios, a fourth-year student at Interamerican University Law School, assisted in the preparation of this Opinion and Order.

For the reasons discussed below, the Court **GRANTS** Commonwealth of Puerto Rico's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court draws the following facts from plaintiffs' complaint, (Docket No. 1), and takes them as true for the purpose of resolving defendant Commonwealth's motion, drawing all inferences in plaintiff's favor. <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990).

Jaime Medina-Medina ("Medina") filed a complaint at the United States Equal Employment Opportunity Commission ("EEOC") on March 18, 2008, and the EEOC issued a Notice of Right to Sue on April 8, 2009. (Docket No. 1 at ¶¶ 19-20.) On July 5, 2009, Medina, his wife Rosa Elisa Ramirez-Acosta ("Ramirez") and their Conjugal Partnership filed a complaint against the Commonwealth of Puerto Rico ("Commonwealth"), the Oficina de Administracion de Tribunales ("OAT"), and against John Doe, Richard Doe and their respective insurance companies. (Docket No. 1.)

Medina alleges that he was employed as a social worker by the OAT with duty at the Family Relations and Minors section of the Court of First Instance, Ponce Superior Division. He further alleges that he was assigned a family relations case, to which he objected because his job involved only the minors section at the time, and that as a result of such objection, his supervisor

started a verbal argument and later threatened him with an adverse personnel action and criminal charges.  Id. at ¶¶ 12-13.

    The OAT then sent two letters informing Medina of the proposed adverse personnel action, which relieved him of duty and advised him of his right to a hearing.  Plaintiff then timely requested the hearing, which was scheduled for August 16, 2007.  One day before the hearing, however, the OAT notified Ramirez via telephone that the hearing was adjourned indefinitely.  Plaintiff alleges that, as of the date of his complaint, no hearing has been set even though over two years had passed since he was "relieved of duty".  Id. at ¶¶ 14-16.

    Medina claims that OAT's and Commonwealth's supervisors, administrators and directors violated section 1983 by depriving him of his due process constitutional rights.  He also claims that defendants' actions have caused him damages and that their actions have worsened "his previously diagnosed mental medical condition", in violation of the ADA.  Id. at ¶¶ 16-18.  Medina seeks monetary relief under section 1983 and the ADA.  Id. at ¶¶ 21-22,25.  Furthermore, both plaintiffs, Medina and Ramirez, claim monetary relief under articles 1802 and 1803 for the emotional distress allegedly caused by defendants' negligence.  Id. at ¶¶ 23-24.

    On November 13, 2009, the Commonwealth filed a motion to dismiss this suit against the OAT, pursuant to Rule 4(m).  (Docket No. 19.)  The Court granted the motion on April 9, 2010 and

Civil No. 09-1616 (FAB)                                                4

dismissed OAT from this suit for failure to serve process on it within 120 days from the filing of the complaint.  (Docket No. 23.) The remaining defendants are the Commonwealth and the unnamed defendants.

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief."  Rodriguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  To avoid dismissal, the complaint must contain factual allegations that "raise a right to relief above the speculative level", Twombly, 550 U.S. at 555, or in other words, plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. See Correa-Martinez, 903 F.2d at 51.  The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim.  Santana Castro v. Toledo Davila, 579 F.3d 109, 117 n.9 (1st Cir. 2009) (citing McCoy v. Mass. Inst. of Technology, 950 F.2d 13, 23 (1st Cir. 1991)).  Plaintiffs must set forth "factual

Civil No. 09-1616 (FAB)                                                5

allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

### III. PLAINTIFF'S CLAIM UNDER THE ADA IS BARRED BECAUSE OF THE ELEVENTH AMENDMENT'S SOVEREIGN IMMUNITY

The Eleventh Amendment to the Constitution of the United States prevents suits against a state in federal court without the state's consent. U.S. Constitution, Amendment XI; See, e.g., Caraballo Melia v. Suarez Dominguez, No. 08-2205, 2010 WL 830958, at *2 (D.P.R. March 4, 2010). This immunity applies to both the state itself as well as to agencies acting as an arm of the state. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). The Commonwealth of Puerto Rico is treated as a state for Eleventh Amendment purposes. Espinal Dominguez v. P.R., 352 F.3d 490, 494 (1st Cir. 2003).

There are, however, two general exceptions to the reach of the Eleventh Amendment: (1) "Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power"; and (2) "[A] State may waive its sovereign immunity by consenting to be sued in federal court." Maysonet Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) (citing College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)). Neither of the exceptions to immunity are present here.

Civil No. 09-1616 (FAB)                                              6

    First, even though plaintiffs do not specify under which title of the ADA they are bringing their claims,[2] the Court assumes that plaintiffs claims are under ADA Title I because employment discrimination claims may only be brought under Title I.[3] See, e.g., Mendez Vazquez v. Tribunal General de Justicia, 477 F.Supp.2d 406, 412 (D.P.R. 2007) (dismissing employment discrimination claim under Title II because such claims can only be brought under Title I). Because the Supreme Court has determined that Congress did not validly abrogate the state's sovereign immunity when private

---

[2] Medina merely states that "he was discriminated (under the ADA)", Docket No. 1 at ¶ 2, and that the unsolved adverse personnel action has "worsen[ed] his previously diagnosed mental medical condition (Health Condition) in violation of the American With Disabilities Act (ADA)". Id. at ¶ 16. Plaintiff does not state his medical condition, nor does he make any mention of the actors who allegedly made specific discriminatory acts that worsened his condition.

[3] The ADA prohibits employers from discriminating against qualified individuals with disabilities. 42 U.S.C. § 12212 (a). It consists of several titles, including Title I on "Employment," 42 U.S.C. §§ 12111-12117, Title II on "Public Services," 42 U.S.C. §§ 12131-12134, Title III on "Public Accommodations and Services Operated by Private Entities," 42 U.S.C. §§ 12181-12189, and other Miscellaneous Provisions, 42 U.S.C. §§ 12201-12213.

Civil No. 09-1616 (FAB)                                                    7
_____

individuals sue for monetary damages under Title I of the ADA,[4] Bd. of Tr. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001), and because Medina only seeks monetary relief under the ADA against the Commonwealth, id. at ¶ 25, he is barred from recovering under the ADA for that monetary relief.  Torres Alamo v. P.R., 502 F.3d 20, 24 (1st Cir. 2007).

Second, the Commonwealth has not waived its immunity or consented to be sued in federal court.  The Commonwealth can waive its immunity:  (1) by "consent[ing] to or participati[ng] in a federal program for which waiver of immunity is an express condition"; (2) by making a "clear declaration that it intends to submit itself to the jurisdiction of a federal court; or (3) by [conducting] affirmative conduct in litigation."  Diaz Fonseca v. P.R., 451 F.3d 13, 33 (1st Cir. 2006) (citing N.H. v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004).  As explained below, none of these exceptions is met in this case.

_____

[4] In September, 2008, Congress enacted the ADA Amendments Act, which by its own terms went into effect on January 1, 2009. Pub.L. No. 110-325 (2008) ("ADA AA"). The overarching purpose of the act is to reinstate the "broad scope of protection" available under the ADA.  Id. at § 2(b).  Among other things, the ADA AA rejects the United States Supreme Court's interpretation of the term disability in Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002) and Sutton v. United Air Lines, 527 U.S. 471, 492 (1999). See Colon Fontanez v. Municipality of San Juan, 671 F. Supp. 2d 300, 326 n.36 (D.P.R. 2009). These amendments do not affect nor prevent the states from claiming immunity when plaintiffs sue for monetary damages under ADA Title I. See Arocho Castro v. Figueroa Sancha, No. 10-1223, 2010 WL 3809851, at *3 (D.P.R. Sept. 29, 2010).

Civil No. 09-1616 (FAB)                                                   8

A state can explicitly waive the protections of the Eleventh Amendment "by choosing to participate in a federal program for which waiver of immunity is a stated condition." Arecibo Community Health Care Inc. v P.R., 270 F.3d 17, 24 (1st Cir. 2001).  Mere participation by a state in a federal program does not, however, establish the state's consent to be sued in federal court, because it requires "express language or . . . such overwhelming implications from the text as [will] leave no room for any other reasonable construction . . . "  Id. at 25, citing Fla. Dep't. of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n., 450 U.S. 147, 150 (1981).  Express waiver of immunity through participation in a federal program is not at issue here because, as discussed earlier, the Commonwealth is immune to claims of monetary relief under Title I of the ADA, and plaintiffs have not directed the Court "to any law to the contrary, nor [have] they argue[d] that the Commonwealth has waived its immunity by any other means". See Diaz Fonseca, 451 F.3d 13 at 34.

The Commonwealth has waived its immunity, but only as to suits brought in the Commonwealth's own forum, Rivera Ortiz v. P.R., No. 09-2073, 2010 WL 1542188, at *3 (D.P.R. April 15, 2010), when brought in its Courts of First Instance and not for suits filed in federal court.  Law 104, P.R. Laws Ann. tit. 32, § 3077; Diaz Fonseca, 451 F.3d at 33, citing Pennhurst v. Halderman, 465 U.S. 89, 99 (1984) (noting that a "State's constitutional interest in

immunity encompasses not merely *whether* it may be sued, but *where* it may sued.").

Lastly, the Commonwealth has not waived immunity by affirmative conduct in this litigation, because the Commonwealth has not yet answered the complaint and the motion to dismiss now before the Court was filed without the Commonwealth submitting to the Court's jurisdiction.  See, e.g., Maysonet Robles, 323 F.3d at 52 (finding that the sovereign did not waive immunity because no answer to complaint, counterclaims or third party complaints were filed.)  The Court concludes that defendant Commonwealth has not waived its immunity.

Because the immunity provided by the Eleventh Amendment bars Medina from recovering monetary relief under the ADA and no waiver of immunity is present, defendant Commonwealth's motion to dismiss the ADA claim is **GRANTED** and plaintiff's ADA claim against the Commonwealth is **DISMISSED.**

### IV. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER SECTION 1983

Section 1983 "affords redress against a person who, under color of state law, deprives another person of any federal

constitutional or statutory right."[5]  Omni Behavioral Health v. Miller, 285 F.3d 646, 650-651 (8th Cir. 2002) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  It creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law."  Cruz Erazo v. Rivera Montanez, 212 F.3d 617, 621 (1st Cir. 2000).

It is well-settled that in order for a claim to be cognizable under section 1983, the Court must assess:  "(1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of the rights, privileges or immunities secured by the Constitution or laws of the United States.  There are two aspects to this second inquiry:  (1) there must have been a deprivation of federally protected rights, privileges or immunities, and (2) the conduct complained of must have been causally connected to the deprivation."  Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989) (citations omitted).

---

[5] 42 U.S.C. § 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Civil No. 09-1616 (FAB)                                                    11

A "defendant", however, has to be a "person," because section 1983 only imposes liability on "persons." See, e.g., Martinez Velez v. Simonet, 919 F.2d 808, 810 (1st Cir. 1990). The Supreme Court has held that a state, its agencies, and state officials acting in their official capacities are not "persons" within the meaning of section 1983 and cannot be sued in a section 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Because the Commonwealth is not a "person" for section 1983 purposes, plaintiffs do not have a cognizable cause of action against the Commonwealth under section 1983. Therefore, defendant Commonwealth's motion to dismiss the section 1983 claim is **GRANTED** and plaintiff's section 1983 claim against the Commonwealth is **DISMISSED**.

**V.  CLAIMS PURSUANT TO ARTICLES 1802 AND 1803 OF THE PUERTO RICO CIVIL CODE.**

District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see also, Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one "substantial" federal claim in the lawsuit."). Having dismissed plaintiffs' federal law

claims against defendant Commonwealth, here is no claim remaining in this case over which the Court has original jurisdiction.

Therefore, defendant Commonwealth's motion to dismiss the article 1802 and article 1803 supplemental claims is **GRANTED** and plaintiff's Puerto Rico Civil Code's article 1802 and article 1803 supplemental claims against the Commonwealth are **DISMISSED WITHOUT PREJUDICE.**

**VI. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant Commonwealth's motion to dismiss. (Docket No. 16.) Accordingly, plaintiffs' claims pursuant to the ADA and 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.** Plaintiffs' claims pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code are **DISMISSED WITHOUT PREJUDICE.**

Additionally, the claims against unnamed defendants John Doe and Richard Roe are **DISMISSED WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 9, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE